NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PARDUMAN SINGH BAINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No.: 08-2367 (JLL) |
| v. ) | |
| ) | **OPINION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

For Respondent: Sharon E. Ashe, AUSA

**LINARES, District Judge.**

This matter comes before the Court on the motion of Petitioner Parduman Singh Bains ("Petitioner" or "Bains") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent the United States ("Respondent" or "the Government") submitted an answer in response to the motion. This Court having considered both parties' submissions, Petitioner's motion is denied.

**INTRODUCTION**

Bains was arrested on January 10, 2006, and charged in a criminal complaint dated January 11, 2006, of engaging in a criminal conspiracy to obtain 200 kg of pseudoephedrine from an undercover agent for the purpose of producing methamphetamine in violation of 21 U.S.C. § 846. An indictment followed on February 27, 2006. Bains entered into a plea agreement with the Government on April 18, 2007; in the agreement, Bains pled guilty to the first count of the

indictment, a violation of 21 U.S.C. § 846.  The plea agreement does not state that Bains and the Government agreed on an offense level; instead, Bains admitted the amount of the drugs at issue.

At sentencing on September 25, 2007, after agreed-upon reductions to his offense level as calculated under the Sentencing Guidelines, Bains's offense level was 27, which called for a minimum period of incarceration of 70 months.  Bains requested and received a reduced sentence of 60 months of confinement.  He was also sentenced to three (3) years of supervised release, along with a special assessment of $100 and fine of $1,000.

Bains's petition for relief under § 2255 rests upon a single ground: he alleges that he is entitled to a reduction in his sentence due to the deplorable conditions he endured while in detention at Passaic County Jail, and that this Court did not consider his request for same at the time of sentencing.  (Pet. at 4.)  The Government, in its answer to the petition, argues that Bains's request is not a cognizable ground for relief under § 2255 and that this Court did consider Bains's request at the time of sentencing and that Bains cannot succeed in his renewal of that request through the instant petition.  (Answer at 2-3.)

## DISCUSSION

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In considering the instant § 2255 motion, this Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Garvin, 270 F. App'x 141, 143 (3d Cir. 2008) (unreported) (citing United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005)).[1]  Moreover, this Court "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." Government of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). With this framework in mind, the Court turns now to Petitioner's arguments.

"A writ of habeas corpus does not encompass all sentencing errors, and should not be used as a substitute for direct appeal." Sasonov v. United States, 575 F. Supp 2d 626, 631 (D.N.J. 2008).  In fact, the scope of relief offered by § 2255 is smaller than that offered on direct appeal in some circumstances: "it has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." United States v. Addonizio, 442 U.S. 178, 184 (U.S. 1979).  In cases that do not allege a jurisdictional defect or constitutional violation, relief under § 2255 is narrowly limited to exceptional situations where an error of law "inherently results in a complete miscarriage of justice."Addonizio, 442 U.S. at 185.

Bains does not allege a constitutional or jurisdictional issue.  Instead, he alleges error or abuse of discretion by this Court in failing to apply a downward departure of 10 to 20 months in cognizance of the conditions at Passaic County Jail.  (Pet. at 4-5.)  The Third Circuit has found,

---

[1]Given Petitioner's pro se status, the Court will also construe the instant motion liberally. See generally Haines v. Kerner, 404 U.S. 519, 520 (1972).

in a case on direct appeal, that the denial of a downward departure for pretrial confinement conditions is unreviewable if the departure is denied within the discretion of the district court. United States v. Stevens, 223 F.3d 239, 248 (3d Cir. 2000). Although, as a pre-Booker case, Stevens does not employ modern sentencing language, the analysis of the case indicates that it does fit within post-Booker sentencing jurisprudence: instead of deeming a discretionary downward departure unreviewable, however, post-Booker caselaw would treat such an instance as reviewable for reasonableness. United States v. Gunter, 527 F.3d 282, 285 (3d Cir. 2008) (sentences reviewed for reasonableness and pre-Booker cases still useful in advisory capacity). Given that relief under § 2255 is less broad than that offered on direct appeal, Addonizio, 442 U.S. at 184, if this Court's denial of Bains's downward departure request at sentencing is reasonable under Stevens, he does not have grounds for relief under § 2255.

The Third Circuit's analysis in Stevens looked to whether or not the district court had acted within its discretion when denying the downward departure. 223 F.3d at 248. Bains's attorney brought up the issue of the conditions at Passaic County Jail during the sentencing hearing. (Tr. of Sept. 25, 2007, at 12.) Counsel asked for a sentence of 60 months rather than 70 months on several bases, including a request for a variance due to the conditions Bains endured at Passaic County Jail:

> I also would just add briefly, and I also asked the Court to consider another factor, and that would be the conditions at the Passaic County Jail. Mr. Bains was there over 20 months. The conditions are well-known. It is a very difficult place to serve any time, let alone 20 months, and I ask the Court to consider a variance on that basis.

(Id.) The Court considered Bains's requests, and sentenced him to the sentence of 60 months

4

requested by his attorney. (Id. at 14-15.) With respect to the conditions at Passaic County Jail, the Court stated the following:

> Now, looking at those goals and the arguments that your attorney made here today, I do agree that although it is not a basis for a downward departure, I think the fact that you have done some time in the Passaic County Jail is something that I should consider and do consider. I also consider the fact that you are a relatively young man at age 24. I consider the fact that another defendant in this case was sentenced to 60 months, and I consider that as part of what is appropriate with regard to the sentencing disparity goal of sentencing.
>
> When one does all of those things, taking into consideration everything that I have said here today, I believe that pursuant to the Sentencing Reform Act, Section 3553 and 25C1.2, it is the judgment of this Court that you be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 60 months.

(Id.) The record thus discloses that Bains's attorney asked for a variance based on the conditions at Passaic County Jail, and that this Court treated the request as one for a variance rather than a downward departure. The Court's statement, however, when examined in light of the terms of art used at sentencing, indicates that the Court did indeed include the conditions at Passaic County Jail as part of the rationale for the below-Guidelines sentence given to Bains.

Under Stevens, if a district court erroneously states that it may not grant a downward departure on an issue, such an error would be reviewable de novo on appeal, and would not necessarily fall within an exclusion from review under § 2255. 223 F.3d at 248. Here, the language used by the Court, in stating that pretrial detention conditions at Passaic County Jail were "not a basis for a downward departure," appears on its face to fall into a category of claims that would be reviewable on direct appeal. (Tr. of Sept. 25, 2007, at 14.) The meaning of the sentencing term "downward departure," however, has changed since Stevens was handed down.

5

In modern sentencing parlance in this circuit, a "downward departure" is a decrease in the calculated offense level within the Sentencing Guidelines themselves, and a "variance" is a discretionary reduction in sentence not based upon the Guidelines.  United States v. Vampire Nation, 451 F.3d 189, 195 n.2 (3d Cir. 2006) ("For lexicographic purposes, we adopt the Eighth Circuit's terminology from United States v. Sitting Bear, 436 F.3d 929 (8th Cir.2006), where that court described post-Booker discretionary sentences not based on a specific Guidelines departure provision as 'variances.'").  Bains's attorney, therefore, correctly characterized a decreased sentence resulting from pretrial detention conditions as a variance, and the Court's statement that the conditions at Passaic County Jail were not grist for a downward departure simply meant that pretrial detention conditions are properly treated as grounds for a variance.

This Court, contrary to Bains's contention in his petition, did consider his request for a variance based upon the conditions he endured at Passaic County Jail.  (Tr. of Sept. 25, 2007, at 14.)  The record shows that this Court, in fact, granted a variance to Bains due in part to the conditions at Passaic County Jail.  (Id. at 14-15.)  Having considered the conditions of Bains's detention at sentencing, this Court's discretion on that issue would be deemed reasonable on direct appeal under Stevens.  223 F.3d at 248.  See Gunter, 527 F.3d at 285 (noting advisory effect of pre-Booker cases).  This Court finds that Bains's petition does not present an error committed at sentencing, much less the kind of "complete miscarriage of justice" required for relief under § 2255.  Addonizio, 442 U.S. at 185.  Bains's petition, therefore, is denied, and as no constitutional issue is presented, no certificate of appealability shall issue.

**CONCLUSION**

  For the reasons heretofore given, the petition is denied, and no certificate of appealability shall issue. An appropriate Order accompanies this Opinion.


DATED: January 12, 2009             /s/ Jose L. Linares
                      United States District Judge